**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

U.S. COURT OF APPEALS
RECEIVED
Oct 15, 2026
FIFTH CIRCUIT

KEVIN FRYMIER, Plaintiff,

v.

AID TO VICTIMS OF DOMESTIC ABUSE (AVDA) and BARBARA STALDER, Defendants.

Civil Action No. 4:25-cv-00442
Fifth Circuit Appeal No. 25-20426

# PLAINTIFF-APPELLANT'S MOTION TO ENFORCE THE FIFTH CIRCUIT'S LIMITED REMAND AND FOR PROMPT DETERMINATION OF APPELLATE IN FORMA PAUPERIS STATUS

**TO THE HONORABLE CHARLES R. ESKRIDGE, UNITED STATES DISTRICT JUDGE:**

Plaintiff-Appellant Kevin Frymier, proceeding pro se, respectfully requests prompt compliance with the Fifth Circuit's July 16, 2026 limited-remand order, filed in this Court on July 17, 2026 as Document 34. Plaintiff requests district-judge review of the magistrate judge's denial of in forma pauperis ("IFP") status on appeal, a reasoned written order, and transmission of that order to the Fifth Circuit.

## I. PROCEDURAL BACKGROUND

1. Plaintiff brought this civil action against Aid to Victims of Domestic Abuse and Barbara Stalder. On May 13, 2025, the magistrate judge recommended dismissal with prejudice (Dkt. 24).

2. Plaintiff objected and requested, alternatively, leave to amend (Dkt. 26). On August 29, 2025, the district court adopted the recommendation and entered judgment dismissing the action with prejudice (Dkts. 27–28).

3. Plaintiff appealed in Fifth Circuit No. 25-20426 and sought permission to proceed IFP on appeal.

4. On July 16, 2026, the Fifth Circuit entered a limited-remand order concerning the magistrate judge's denial of appellate IFP status. The order was filed in this district court as Dkt. 34 on July 17, 2026.

## II. THE FIFTH CIRCUIT'S EXPRESS DIRECTIVE

5. The Fifth Circuit ordered: "Accordingly, this case is REMANDED for the limited purpose of permitting the district court to review the magistrate judge's denial of IFP status and to enter an appropriate order providing reasons as required by Federal Rule of Appellate Procedure 24(a)(2)."

6. The Fifth Circuit directed the district-court clerk to supplement the appellate record with a certified copy of the resulting order. The Fifth Circuit retained jurisdiction of the appeal pending compliance.

7. The limited remand calls for review of the IFP ruling, not reconsideration of the merits judgment or a new adjudication of the underlying claims.

## III. GOVERNING LAW

8. The Fifth Circuit cited Donaldson v. Ducote, 373 F.3d 622, 624–25 (5th Cir. 2004), in connection with review of an IFP denial entered by a magistrate judge presiding without the parties' consent.

9. Federal Rule of Appellate Procedure 24(a)(2) requires that when a district court denies a motion to proceed IFP on appeal, it state its reasons in writing.

10. Plaintiff requests review of the financial information properly before the Court and, if relevant, whether the appeal is taken in good faith under 28 U.S.C. § 1915(a)(3). A reasoned order will permit meaningful appellate review of any denial.

11. An appeal is taken in good faith for IFP purposes when it presents at least one nonfrivolous issue. See Coppedge v. United States, 369 U.S. 438, 445 (1962).

## IV. THE APPEAL PRESENTS IDENTIFIABLE ISSUES

12. Plaintiff's opening brief (Fifth Circuit Dkt. 33) challenges the Rule 12(b)(6) dismissal with prejudice, the treatment of documents attached to the amended complaint, the handling of Plaintiff's request for further amendment, and the disposition of state-law theories.

13. Plaintiff submits that these are nonfrivolous questions for appellate review. Plaintiff does not ask this Court to decide those questions in resolving the limited IFP remand.

## V. REQUEST FOR PROMPT ACTION

14. The appellate remand was entered July 16, 2026. The order imposes no express deadline, but the Fifth Circuit retained jurisdiction pending district-court compliance.

15. Plaintiff respectfully requests a prompt ruling on the limited-remand issue and prompt certification and transmission of the resulting order to the Fifth Circuit. This request is subject to any district-court order already entered in compliance with the remand.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Appellant respectfully requests that the Court: (A) review the magistrate judge's denial of appellate IFP status pursuant to the Fifth Circuit's limited remand; (B) enter a written order stating the reasons for its determination as required by Fed. R. App. P. 24(a)(2); (C) grant IFP status if the applicable requirements are met or, if denied, explain the reasons in writing; (D) direct the Clerk to transmit a certified copy of the order to the Fifth Circuit; and (E) grant any other appropriate relief consistent with the limited remand.

Respectfully submitted,

/s/ Kevin Frymier
Kevin Frymier, Plaintiff-Appellant, pro se

## CERTIFICATE OF SERVICE

I certify that on 10-15-2026, I served a true and correct copy of this motion on all counsel of record by the following authorized method:

________________________________________________.

/s/ Kevin Frymier
Kevin Frymier